Victor de Gyarfas, CA Bar No. 171950
vdegyarfas@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: 213-972-4500
Facsimile:  213-486-0065

Attorneys for Plaintiff MacroCharts Research LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MacroCharts Research LLC,<br><br>       Plaintiff<br><br>       v.<br><br>Tony Chou,<br><br>       Defendant. | Case No. 3:25-cv-6447<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

MacroCharts Research LLC ("Plaintiff" or "MacroCharts") complains against Defendant Tony Chou ("Defendant" or "Chou") as follows:

## THE PARTIES

1. Plaintiff is a Wyoming LLC that posts timely financial analysis on the popular blogging platform Substack.com ("Substack") and X.com (formerly known as Twitter).

2. Upon information and belief, Defendant is an individual residing at 148 Sycamore Street, L9Y 4E4, The Blue Mountains, Ontario, Canada.

## JURISDICTION AND VENUE

3. This civil action arises under the United States Copyright Act, 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338.

4. This Court has personal jurisdiction over Defendant by virtue of the fact that Defendant has consented to the jurisdiction of the Northern District of California and has agreed to accept service of process from Plaintiff in response to a DMCA notice. *See* Exhibit 1 hereto. Further, upon information and belief this Court has personal jurisdiction over Defendant by virtue of the fact that Defendant transacts and does business in this district.

5. Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant transacts and does business in this District, its posts on Substack target residents in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## DIVISIONAL ASSIGNMENT

6. Pursuant to Civil Local Rule 3-5(b), this matter may be assigned to any location or division of the Court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is the creator and owner of original financial market analysis, charts, commentary, and visual representations published on its Substack publication at https://www.macrocharts.com/. Plaintiff also posts on X.com, formerly known as Twitter. These works contain substantial creative elements protected under U.S. copyright law, including unique formatting

1   choices, commentary, and analysis methodologies that represent Plaintiff's intellectual property.

2   Plaintiff has been posting on Substack for over a year and has developed a following of more than

3   20,000 subscribers on Substack. Plaintiff derives substantial revenue from subscribers on Substack.

4         8.    Defendant also posts on Substack at https://subutrade.substack.com/ and

5   https://www.subutrade.com/, ("Subu Trade") as well as X.com.

6         9.    Defendant himself has been a subscriber to Plaintiff's Substack account and regularly

7   reads posts from Plaintiff.

8         10.    Defendant has engaged in a pattern of reading and then copying and posting on Subu

9   material from Plaintiff's Substack and X posts.

10        11.    On March 9, 2025, Plaintiff sent a DMCA takedown notice to Substack's DMCA

11  takedown notice email, copyright@substackinc.com, providing a formal notification under 17 U.S.C.

12  § 512(c) of the Digital Millennium Copyright Act ("DMCA") regarding substantial and ongoing

13  copyright infringement by Defendant, who is a Substack user operating under the name "Subu Trade."

14  The content of the notice described how Plaintiff's March 1, 2025, post was copied by Defendant and

15  then posted on March 2, 2025. Subsequently, on March 16, 2025, Plaintiff was informed by Substack

16  that Substack had disabled the content and notified the user who uploaded the content to his newsletter.

17        12.    Again, on May 31, 2025, Plaintiff sent a DMCA takedown notice to Substack, explaining

18  that on May 31, 2025, Defendant copied and posted material from numerous original works of Plaintiff

19  posted by Plaintiff, including posts from at least May 31, 2025, and May 29, 2025. In response to the

20  May 31, 2025, DMCA takedown notice, unlike the March 1, 2025, post, Plaintiff was informed by

21  Substack that Defendant submitted a DMCA counter notification pursuant to 17 U.S.C. § 512(g)(3). In

22  that counternotification, Defendant consented to jurisdiction in the Northern District of California and

23  agreed to "accept service of process from the complainant." *See* Exhibit 1 hereto.

24        13.    Defendant's infringing May 31, 2025, post was published at

25  https://www.subutrade.com/p/markets-report-a-flat-2-weeks-big ("Infringing Material"). A true and

26  correct copy of that post is attached hereto as Exhibit 2.

27        14.    Plaintiff has obtained copyright registrations for several of its infringed posts as identified

28  in the table below (collectively "Infringed Works"):

| Plaintiff's Work Posted on Date | Certificate Number | Exhibit to Complaint |
|---|---|---|
| May 31, 2025 | TX 9-521-136 | 3 |
| May 29, 2025 | TX-9-521-458 | 4 |

15. Plaintiff has been and is the sole owner of the copyright registrations in the Infringed Works.

16. The Infringing Material that infringed Plaintiff's Infringed Works included, but is not limited to:

- Identical chart formats and annotations;
- Substantially similar commentary and analysis;
- Reproduction of rare or uncommon financial indicators that are distinctive to Plaintiff's Infringed Works;
- Substantively identical quantitative analysis using analogous terminology; and
- Identical selection of securities to analyze (including. But not limited to, uncommonly-mentioned securities and their rarely-mentioned quantitative aspects).

## **CLAIM FOR RELIEF**

### **Copyright Infringement, 17 U.S.C. § 501**

17. Plaintiff incorporates herein by reference the allegations in paragraphs 1-16, above.

18. Plaintiff is the owner of all rights, title, and interest in the copyright to the Infringed Works, which consists of material wholly original with Plaintiff and which is copyrighted subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Infringed Works have been timely registered with the United States Copyright Office, including for purposes of Plaintiff's recovery of attorneys' fees and statutory damages.

19. Defendant has infringed Plaintiff's copyrights in the Infringed Works by posting Plaintiff's copyrighted material on Defendant's Substack pages, thus reproducing, displaying publicly, distributing to the public, and preparing a derivative work of the Infringed Works for purposes of commerce and trade in violation of 17 U.S.C. § 501 et seq.

20. On information and belief, Defendant has willfully infringed Plaintiff's copyrights in the Infringed Works by posting the Infringing Material on Substack, even after Defendant was previously notified of its infringing conduct pursuant to Plaintiff's March 9, 2025, DMCA takedown notice. Further, Defendant willfully refused to take down its Infringing Material even after Plaintiff sent its May 31, 2025, DMCA takedown notice.

21. As a result of Defendant's acts of copyright infringement as alleged herein, Plaintiff has suffered substantial losses and damages in an amount to be established at trial.

22. As a result of Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Infringed Works. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Infringed Works in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendant has committed the acts of copyright infringement alleged herein with actual knowledge or reckless conduct, thus acting in disregard to Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement and enhanced damages. Plaintiff is also entitled to statutory damages and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. That Defendant and its respective agents and employees and those acting in concert with them be enjoined from infringing Plaintiff's copyrights in any manner;

b. That Plaintiff be awarded all profits of Defendant, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendant through its infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment and post-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

DATED:  July 31, 2025        FOLEY & LARDNER LLP

/s/ Victor de Gyarfas
Victor de Gyarfas
Attorneys for Plaintiff MacroCharts Research LLC

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable under the law.

DATED: July 31, 2025    FOLEY & LARDNER LLP

/s/ Victor de Gyarfas
Victor de Gyarfas
Attorneys for Plaintiff MacroCharts Research LLC