UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MACROCHARTS RESEARCH LLC,

        Plaintiff,

    v.

TONY CHOU,

        Defendant.

Case No. 25-cv-06447-JST

**ORDER GRANTING MOTION FOR ALTERNATE SERVICE**

Re: ECF No. 14

Before the Court is Plaintiff's Motion for Alternate Service. ECF No. 14. The Court will grant the motion.

## I.    BACKGROUND

Plaintiff MacroCharts Research LLC filed a copyright infringement claim against Tony Chou on July 31, 2025, but has been unable to serve him. ECF No. 14 at 3.

Prior to filing suit, Plaintiff sent Digital Millennium Copyright Act ("DMCA") takedown notices to the blogging platform Substack.com concerning Chou's allegedly infringing content. ECF No. 1-1. In response, Chou submitted a DMCA counter-notification pursuant to 17 U.S.C. § 512(g)(3), in which he consented to the jurisdiction of the Northern District of California and agreed to accept service of process from Plaintiff. *Id.* In that counter-notification, Chou also identified the mailing address for that purpose as 148 Sycamore Street, The Blue Mountains, Ontario L9Y 4E4, Canada. *Id*. at 3.

From August 4, 2025, to October 20, 2025, Plaintiff attempted to serve Chou five times: twice at the Blue Mountains address provided in his DMCA counter-notification, once at an address provided by Substack, once at an address obtained by Plaintiff's investigator, and once by emailing a request for a waiver of formal service. ECF No. 14 at 3–5; ECF No. 14-1 at 2–3. All

five attempts were unsuccessful.  *Id.*

Plaintiff served the present motion by email at contact@subutrade.com and by mail to the Blue Mountains address.  ECF No. 18.  On November 3, 2025, Chou used that email address to respond to Plaintiff's counsel, attaching an opposition to the motion, a notice of special appearance, and a certificate of service, which Chou also filed on the docket.  ECF Nos. 18, 20.  Plaintiff replied on November 6, 2025.  ECF No. 19.  On December 23, 2025, Chou filed both a notice of errata and motion for leave to file a sur-reply in response to Plaintiff's reply.  ECF Nos. 24, 25, 26.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(1) provides for service of an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Rule 4(f)(3) also authorizes service "by other means not prohibited by international agreement, as the court orders."[1]  "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)" and "is neither a 'last resort' nor 'extraordinary relief.'"  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Courts applying Rule 4(f)(3) have "authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address . . . and most recently, email."  *Id*. at 1016.  The Ninth Circuit "commit[s] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."  *Id.*

___

[1] Plaintiff's motion references FRCP Rule 4(e) in its title rather than Rule 4(f).  "[T]he label attached to a motion does not control its substance."  *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000); *see also Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 635 (9th Cir. 1989) ("The nomenclature the movant uses is not controlling.  This court must decide whether a motion, however styled, is appropriate for the relief requested." (citations omitted)).  The "failure of plaintiff's counsel to refer to the proper rule number does not prevent us from granting [] relief … especially where defendants had notice of and argued against that relief."  *McLearn v. Cowen & Co.*, 660 F.2d 845, 849 (2d Cir. 1981).

United States District Court
Northern District of California

United States District Court
Northern District of California

Although a plaintiff is not required to attempt "every permissible means of service of process before petitioning the court for alternative relief" under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the . . . case necessitate[ ] the district court's intervention." *Id.* Although a plaintiff need not show that that traditional methods of service are impracticable or unlikely to succeed, *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012), doing so is sufficient to justify service under Rule(f)(3). *See, e.g.*, *Tevra Brands LLC v. Bayer Healthcare LLC*, No. 19-cv-04312-BLF, 2020 WL 3432700, at *5 (N.D. Cal. June 23, 2020). Any method of service must comport with due process, meaning that it "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props.*, 284 F.3d at 1016 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Accordingly, to establish that service by email is appropriate, the moving party must show service by email is (1) not prohibited by international agreement, and (2) reasonably calculated to provide defendants with actual notice. *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 8:15-cv-0246-DOC (DFMx), 2016 WL 1251008, at *2 (C.D. Cal. Mar. 25, 2016) (collecting cases); *William-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).

## IV. DISCUSSION

### A. Alternate Service

Plaintiff asks the Court to permit alternate service by email or, in the alternative, by publication. ECF No. 14 at 3. Plaintiff has met its burden to show "that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Rio Props.*, 284 F.3d at 1016. Plaintiff undertook a series of escalating efforts to effect service, including using addresses provided by Chou himself, addresses obtained through third parties, and an address identified by a private investigator. ECF No. 14 at 3–5. In the context of service within the United States, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Lagree Technologies, Inc. v. Spartacus 20th L.P.*, No. 17-cv-00795-JST, 2017 WL 1374598, at *2 (N.D.

Cal. Apr. 17, 2017) (quoting *Trackman v. Kenney*, at 187 Cal. App. 4th 175, 185 (2010)).

Plaintiff first attempted service at the Canadian address Chou provided in his DMCA counter-notification by mailing the complaint and waiver of summons and, after no response, by sending the summons and complaint via FedEx.  ECF No. 14-1 at 2.  These efforts, which complied with the Hague Convention, were reasonably calculated to provide notice because they relied on an address Chou himself supplied and employed an international courier capable of delivering judicial documents to Canada, a Hague Convention signatory that has not objected to service by postal channels.  Hague Convention art. 10.

After those attempts failed, Plaintiff learned from Substack that Chou had relocated to Oman and attempted service at the address provided, again via FedEx.  *Id.*  The shipment was directed to the city, neighborhood, and building identified by Substack but contained a minor formatting error, omitting a comma between the city and country name.  ECF No. 14 at 3.  FedEx later reported that the address was "incorrect," without further explanation, and delivery could not be completed.  *Id.* at 4; ECF No. 14-1 at 3.  Chou asserts this resulted from Plaintiff's improper addressing; however, absent any explanation from FedEx, that assertion is speculative.  Even if the Court does not consider this a valid service attempt, it nonetheless demonstrates Plaintiff's diligence in attempting to locate and serve Chou.

After that attempt failed, Plaintiff retained an investigator, who identified an additional address in Canada associated with an individual named Tony Chou.  ECF No. 14 at 4; ECF No. 14-1 at 3.  Plaintiff sent the summons and complaint to that address but received no response.  Plaintiff also attempted service electronically by emailing the summons, complaint, and a request for waiver of service to the contact email address listed on Chou's website.  *Id.*  Chou did not respond.  *Id.*

Chou's assertions that *any* failure of service resulted from Plaintiff's handling or addressing errors are conclusory and unsupported.  ECF No. 20 at 3.  Plaintiff has exercised due diligence by making five service attempts.

These service efforts occurred after Chou's DMCA counter-notification.  In that counter-notification, Chou expressly consented to the jurisdiction of this Court and agreed to accept

4

service of process.  Chou now asserts that any consent to jurisdiction or acceptance of service provided by his counter-notification was temporary.  ECF No. 20 at 2–3.  That argument misreads the statute.  Under 17 U.S.C. § 512(g)(3), a counter-notification must include "a statement that the subscriber consents to the jurisdiction of the Federal District Court" and "will accept service of process from the person who provided notification" of the alleged infringement.  17 U.S.C. § 512(g)(3)(D).  After a counter-notification is submitted, the service provider may restore the challenged material unless the copyright holder files an infringement action within the statutory restoration period.  *Id*. § 512(g)(2)(C).  Nothing in Section 512(g)(3), however, limits the subscriber's consent to jurisdiction or acceptance of service to that restoration period.  Rather, the statute requires consent to jurisdiction and acceptance of service as a condition of submitting a counter-notification.

Here, email service is not prohibited by international agreement and is reasonably calculated to provide notice.  *Toyo Tire & Rubber Co.*, No. 8:15-cv-0246-DOC (DFMx), 2016 WL 1251008, at *2.  "The Hague Service Convention does not preclude the Court from authorizing service of process via email."  *Viral DRM LLC v. Margarita*, No. 3:24-cv-00747-JSC, 2024 WL 5318835, at *1–3 (N.D. Cal. May 31, 2024).  Moreover, the record reflects that Chou has access to the electronic means by which Plaintiff seeks to effect service.  The Court therefore authorizes service by email pursuant to Rule 4(f)(3).  *See Xcentric Ventures, LLC v. Karsen, Ltd.*, No. CV 11-1055-PHX-FJM, 2011 WL 3156966, at *1 (D. Ariz. July 26, 2011) (authorizing service by email where the defendant consented via DCMA counter-notification to receive service at a Russian address, but the plaintiff's attempt to serve defendant at that address was unsuccessful).

### B.    Sanctions

In its reply, Plaintiff requests that the Court impose sanctions because Chou cited nonexistent legal authority and failed to verify the accuracy of his citations prior to filing.  ECF No. 19.  While the Court agrees that Chou's filing was irresponsible, it disagrees that sanctions are warranted.

As a threshold matter, a party may not seek sanctions for the first time in a reply brief, and any such request must be raised in a separately filed motion so that the opposing party has notice

United States District Court
Northern District of California

United States District Court
Northern District of California

and an opportunity to be heard.  Civil L.R. 7-8; *So v. Land Base, LLC*, No. CV 08-3336 DDP (AGRx), 2010 WL 11519272, at *1 (C.D. Cal. June 9, 2010) ("A request for sanctions cannot be made for the first time in a reply brief."); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 n.11 (9th Cir. 1983) (sanctions require notice and an opportunity to be heard); *Lopez v. Banuelos*, No. 1:11-CV-00466 AWI JLT, 2013 WL 4815699, at *9 (E.D. Cal. Sept. 6, 2013) ("[T]he time to make a request for monetary sanctions is not in reply briefs.").  The Court, however, retains inherent authority to address misconduct that affects the integrity of judicial proceedings and to determine whether corrective measures are appropriate.  *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017).

After Plaintiff identified the nonexistent or "hallucinated" citations, Chou filed a notice of errata removing the cited authorities from his opposition.  ECF No. 25 at 2.  Nonetheless, the submission of inaccurate legal authority unnecessarily consumed the resources of both Plaintiff and the Court.  *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023); ECF Nos. 19, 25, 26.  In cases involving *pro se* litigants, however, in the absence of bad faith, courts have issued warnings and denied opportunities to amend the pleadings in lieu of sanctions.  *See Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 772 (W.D. Va. 2025) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Court finds no evidence of bad faith and concludes that monetary sanctions are not warranted.

Going forward, Chou shall verify the accuracy of legal authorities cited in his filings.

### C.    Motion for Sur-Reply

Chou seeks leave to file a sur-reply to address Plaintiff's reply to his opposition.  ECF No. 26-2.  "Parties do not have the right to file sur[-]replies and . . . [t]he Court generally views motions for leave to file a sur[-]reply with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016) (citing *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005)).  "Although the court may in its discretion permit the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Warren v. City of Chico*, No. 2:21-CV-00640-DAD-DMC, 2024 WL 4803960, at *1 (E.D.

Cal. Nov. 15, 2024) (citation and quotation omitted).

Plaintiff's reply did not raise any new substantive arguments, and although Plaintiff used the reply to request sanctions, the Court has denied that request. ECF No. 19. Aside from addressing the sanctions request, Chou's proposed sur-reply retreads ground covered in the opposition. ECF Nos. 24, 26.

Accordingly, Chou's motion for leave to file a sur-reply is DENIED.

CONCLUSION

Plaintiff's motion for alternate service is GRANTED. Plaintiff may serve Defendant by publication and at its email address – contact@subutrade.com – by including this Order with other papers served.

**IT IS SO ORDERED.**

Dated: January 26, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

7