United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACROCHARTS RESEARCH LLC,<br>Plaintiff,<br>v.<br>TONY CHOU,<br>Defendant. | Case No. 25-cv-06447-JST<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND**<br><br>Re: ECF Nos. 40, 49 |

Before the Court are Pro Se Defendant Tony Chou's motion to dismiss and Plaintiff MacroCharts Research LLC's ("MacroCharts") motion for leave to amend. The motion to dismiss is denied and the motion for leave to amend is granted.

## I. BACKGROUND

MacroCharts, a Wyoming LLC that posts financial analysis on the blogging platform Substack, filed the complaint in this action on July 31, 2025. ECF No. 1 ¶ 1. The complaint brings a single claim for copyright infringement under 17 U.S.C. § 501, alleging that Chou, a subscriber to the MacroCharts Substack page, substantially reposted two of MacroCharts's timely registered copyrighted works on *his* Substack page. *Id.* ¶¶ 9, 12–15, 18–19. The complaint alleges that such infringement was willful because MacroCharts had previously notified Chou of other infringing conduct via takedown notices under the Digital Millenium Copyright Act ("DMCA"). *Id.* ¶ 20.

On February 24, 2026, Chou filed a two-page motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that MacroCharts had not identified any protectable expressive content. ECF No. 40 at 2. MacroCharts opposed on March 10, 2026. ECF No. 45. Chou did not file a reply.

On April 20, 2026, MacroCharts filed a motion for leave to file a first amended complaint ("FAC"), seeking to add new allegations based on recently discovered additional infringing conduct. ECF No. 49 at 2. Chou filed an opposition to the motion for leave on May 5, 2026. ECF No. 51. MacroCharts replied on May 11, 2026. ECF No. 52.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. MOTION TO DISMISS

### A. Legal Standard

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a claim on which relief may be granted, the court must "accept factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

### B. Discussion

"To establish copyright infringement, the holder of the copyright must prove both valid ownership of the copyright and that there was infringement of that copyright by the alleged infringer . . . by showing both access to its copyrighted material on the part of the alleged infringer and substantial similarity between the copyrighted work and the alleged infringing work." *N.*

*Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992). MacroCharts has satisfied these requirements by alleging (1) that it owns two timely registered copyrighted works consisting of "original financial market analysis, charts, commentary, and visual representations . . . including unique formatting choices, commentary, and analysis methodologies," ECF No. 1 ¶¶ 7, 14–15; (2) that Chou subscribes to and regularly reads the Substack page on which these copyrighted works were posted, *id*. ¶ 9–10; and (3) that Chou "copied and posted material from numerous original works of [MacroCharts] . . . including posts from at least May 31, 2025 and May 29, 2025," *id*. ¶¶ 12-13.

Chou first argues that the allegedly infringed works, as "[f]inancial indicators, securities data, quantitative calculations, and analytical conclusions," are "facts or methods of analysis, which are not protected by copyright." ECF No. 40 at 3 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344–45 (1991)). "Likewise, chart formats, layouts, and annotations dictated by analytical purpose or industry convention are not protectable expression." *Id*. The Court's decision in *Feist*, however, supports not Chou but MacroCharts. *Feist* affirmed the longstanding rule that "compilations of facts are within the subject matter of copyright" as long as they are "original," meaning they "possess[] at least some minimal degree of creativity." 499 U.S. at 345. A compilation of facts "is copyrightable only if its facts have been 'selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.'" *Id*. at 356 (quoting 17 U.S.C. § 101) (emphasis omitted); *see also United States v. Hamilton*, 583 F.2d 448, 451 (9th Cir. 1978) ("When a work displays a significant element of compilation, that element is protectible even though the individual components of the work may not be, for originality may be found in taking the commonplace and making it into a new combination or arrangement.")

"Because charts present facts without the embellishment found in prose, the copyrightability of charts is necessarily narrower." *Garman v. Sterling Pub. Co.*, No. C-91-0882 SBA (ENE), 1992 WL 12561293, at *5 (N.D. Cal. Nov. 5, 1992). "Nonetheless, chart titles and labels are protected" and the charts themselves "can also be expressive . . . in their arrangement, selection, and presentation of data." *Id*. MacroCharts alleges that the infringing material included

United States District Court
Northern District of California

"[i]dentical charts formats and annotations," "[s]ubstantially similar commentary and analysis," and "[s]ubstantively identical quantitative analysis using analogous terminology." *Id.* ¶ 16. On a motion to dismiss, this suffices to allege protectable expressive content.

Chou next suggests that MacroCharts's allegedly infringed material is not protectable under the merger doctrine or scènes à faire doctrine, citing *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir. 1994). In *Apple Computer*, the Ninth Circuit explained that "when an idea and its expression are indistinguishable, or 'merged,' the expression will only be protected against nearly identical copying." Merger doctrine applies where an idea "can only be expressed in so many ways." *Id.* "The doctrine of *scenes a faire* is closely related." *Id.* When similar features are "'as a practical matter indispensable, or at least standard, in the treatment of a given [idea],' they are treated like ideas and are therefore not protected by copyright." *Id.* (citing *Frybarger v. International Business Machines Corp.*, 812 F.2d 525 (9th Cir. 1987)). Nothing about the allegations in the complaint, which concern "financial market analysis, charts, commentary, and visual representations," ECF No. 1 ¶¶ 7, suggests that either doctrine might apply, and Chou provides no further explanation. Neither doctrine provides a basis to dismiss the complaint at this stage. *See Barkley & Associates, Inc. v. Quizlet, Inc.*, No.: 2:24-cv-05964-WLH-E, 2025 WL 2946993, at *3 (C.D. Cal. Sept. 11, 2025) ("The merger and scènes à faire doctrines do not warrant dismissal at the pleading stage, where [the plaintiff] alleges copying of specific expressive choices—not merely ideas or facts—in a way that could be found 'virtually identical.'")

Third, Chou argues that MacroCharts fails to allege infringement with sufficient particularity because he relies on "conclusory labels such as 'identical' and 'substantially similar.'" ECF No. 40 at 3. MacroCharts alleges the dates that the infringed and infringing material were each posted, describes the contents of the material in general terms, and explains the specific ways that Chou infringed, including because of "[i]dentical chart formats," "[s]ubstantially similar commentary," and "[s]ubstantively identical quantitative analyses using analogous terminology." ECF No. 1 ¶ 16. MacroCharts also attaches the allegedly infringing post to the complaint in full. ECF Nos. 1-2. In the absence of any authority to the contrary, the Court

concludes that this level of detail suffices to state a plausible copyright infringement claim under *Twombly* and *Iqbal*.

Finally, MacroCharts correctly notes that the certificates of registration he alleges and attaches, which were "made before or within five years of first publication of the work," "constitute[] prima facie evidence of the validity of the copyright and the facts stated in the certificate." ECF No. 1 ¶ 16; 17 U.S.C. § 410(c); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir. 1997). Chou has offered no basis to rebut this presumption. ECF No. 45 at 5; *see IO Grp., Inc. v. Pralat*, No. C 10-03647 WHA, 2011 WL 4713748, at *2 (N.D. Cal. Oct. 7, 2011) ("Defendants have not offered any evidence to rebut the presumption created by plaintiff's copyright registration certificate that plaintiff's copyright . . . is valid.").

The motion to dismiss is denied.

## IV. MOTION FOR LEAVE TO AMEND

After opposing the motion to dismiss, MacroCharts also filed a motion for leave to amend the complaint. The motion explains that Chou continues to copy and post MacroCharts's copyrighted works onto his own Substack page, including on March 22, 2026. ECF No. 49 at 3. It further explains the following:

> When MacroCharts promptly filed a DMCA takedown notice with Substack on March 24, 2026, Defendant filed a counter-notice disputing the takedown. Under Substack's Copyright Dispute Policy, if MacroCharts does not pursue a copyright claim in federal district court within ten days of receiving the counter-notice, the takedown will be lifted, and Defendant's infringing publication will be re-published to Substack's website. Accordingly, MacroCharts seeks leave to file a First Amended Complaint that captures Defendant's most recent act of infringement—conduct that MacroCharts intends to pursue each time Defendant commits additional acts of infringement against MacroCharts's copyrighted works as MacroCharts explained in its Case Management Statement.

*Id.*

### A. Legal Standard

When amending a pleading pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," but "[t]he Court

should freely give leave when justice so requires." *See also Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy that is 'to be applied with extreme liberality.'" *Id*. (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

To determine whether leave to amend should be granted, courts consider the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the party has previously amended the pleadings. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Eminence Capital*, LLC, 316 F.3d at 1051–52. "Not all the factors merit equal weight"; prejudice to the opposing party is most important. *Id*. at 1252. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

**B. Discussion**

Each of the five *Foman* factors supports amendment here. First, there is no evidence of bad faith. MacroCharts's amendment would add evidence of new infringement postdating the motion to dismiss, targeting similar material and conducted via similar means. ECF No. 49 at 3. Moreover, MacroCharts has explained that it must add these new infringement claims or Chou will be allowed to repost the infringing material—which has been taken down—to his Substack. *Id*. Second, MacroCharts did not unduly delay in seeking leave to amend. The new infringement allegedly occurred on March 22, 2026, and MacroCharts moved to amend on April 20, 2026, reflecting a mere four weeks within which MacroCharts pursued its remedies under the DMCA and Substack's dispute resolution procedure and sought and received copyright registration. ECF No. 49 at 5. Third, Chou is not prejudiced by amendment. The Court has denied his motion to dismiss and the amended complaint adds claims of exactly the same type as the original complaint. Fourth, amendment is not futile; the Court has already denied Chou's motion to dismiss and Chou identifies no additional deficiencies in the new infringement claims. Fifth, there have been no prior amendments to the pleadings.

The motion for leave to amend is granted. MacroCharts shall file its amended complaint

United States District Court
Northern District of California

separately on the docket within seven days of the date of this order.

**CONCLUSION**

For the reasons set forth in this order, the motion to dismiss, ECF No. 40, is denied and the motion for leave to amend the complaint, ECF No. 49, is granted

**IT IS SO ORDERED.**

Dated: August 11, 2026

JON S. TIGAR
United States District Judge